UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN HERNANDEZ,<br><br>　　　　　　　　　　Defendant. | Case No. 19-cr-02750-BAS-1<br><br>**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br>**(ECF No. 49)** |

　　　　On December 11, 2020, this Court sentenced Mr. Hernandez to 24 months in custody for importing 23.52 kilograms of methamphetamine into the United States. (ECF No. 45.) On March 16, 2021, he self-surrendered to begin serving his sentence. (ECF No. 46.) Now, after serving a little over seven months, Mr. Hernandez moves pro se to reduce his sentence under Title 18, United States Code, Section 3582(c)(1)(A)(i).[1] (ECF No. 49 ("Motion").) The Government opposes. (ECF No. 54 ("Opposition").) Because Mr. Hernandez has not demonstrated extraordinary and compelling reasons for his release, the Court **DENIES** the Motion.

---

[1] The Court referred the matter to Federal Defenders to determine whether counsel should be appointed to represent Mr. Hernandez. (ECF No. 50.) Federal Defenders responded that they "believe[] the Court can decide Mr. Hernandez's motion on the existing record without further assistance of appointed counsel." (ECF No. 52.)

## I. BACKGROUND

Mr. Hernandez drove through the Port of Entry from Mexico with 23.52 kilograms of methamphetamine in his car. (Presentence Report, ECF No. 32 ("PSR").) At the time of his Presentence Report interview, Mr. Hernandez, a 33-year-old man, reported no physical health concerns. (PSR ¶ 42.)

Mr. Hernandez claims that on August 5, 2021, he filed a request for compassionate release with the Warden at FCI Safford where he is being housed and that the request was denied. (Motion.) Mr. Hernandez files no evidence to support this representation, nor does he claim that he appealed the denial.

Mr. Hernandez claims he should be released because of "[t]he prevalence of the 'Delta' mutation of the COVID-19 virus." (Motion.) According to the Government, Mr. Hernandez has refused the opportunity to receive the COVID-19 vaccine. (Opposition at 19.) The Bureau of Prisons ("BOP") website reports no inmates or staff at FCI Stafford are currently testing positive for coronavirus, including the Delta variant. *See* BOP, COVID-19 Cases, http://www.bop.gov/coronavirus (last visited October 28, 2021).

## II. ANALYSIS

### A. Failure to Exhaust Administrative Remedies

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to modify his or her term of imprisonment. Before filing such a motion, the defendant must first petition the BOP for compassionate release. 18 U.S.C. § 3582(c)(1)(A). A court may grant the defendant's motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

This "administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (providing "a court may not consider a motion brought under § 3582(c)(1)(A)

unless . . . the inmate has requested the BOP make such a motion" and fully exhausts all administrative rights to appeal). "The requirement promotes good policy." *Id.* It "ensures that the prison administrators can prioritize the most urgent claims." *Id.* (quoting *United States v. Alam*, 960 F.3d 833, 834 (6th Cir. 2020)).

Although Mr. Hernandez provides no evidence that he actually requested compassionate release from the Warden where he is being housed, nor does he claim he appealed any denial of his request for compassionate release, the Government appears to have waived the issue. Therefore, the Court proceeds to the substance of the motion.

**B.   Extraordinary and Compelling Reasons**

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. 2020).

Mr. Hernandez fails to meet this burden. He makes no claim that he is at particular risk from the Delta variant. All evidence supports that Mr. Hernandez is young and healthy. Furthermore, Mr. Hernandez could reduce his risk from COVID-19 if he wanted to accept the vaccine that is being offered by the BOP. *See* Centers for Disease Control and Prevention, Ensuring COVID-19 Vaccines Work, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness.html (last updated May 10, 2021) (providing COVID-19 vaccination helps protect people from getting sick or severely ill with COVID-19).

Mr. Hernandez argues that the definition of "extraordinary and compelling reasons" should be expanded to include situations beyond old age and serious medical concerns. Whether or not he is correct, he fails to provide any evidence or any argument as to what those extraordinary and compelling reasons are for his situation.

At the time this Court sentenced Mr. Hernandez, the Court considered and took into consideration the existence of COVID-19 and the risks and hardships Mr. Hernandez would face while he was in custody. The simple existence of the virus alone, without more, is insufficient to support a compassionate release request. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."). This is particularly true given the fact that Mr. Hernandez has been offered and has rejected the opportunity to become vaccinated against the virus. *See United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release. The risk is self-incurred.").

### III.  CONCLUSION

Because Mr. Hernandez fails to show extraordinary and compelling reasons for release, the Court **DENIES** his Motion to Modify his Sentence. (ECF No. 49.)

IT IS SO ORDERED.

DATED: October 29, 2021

Hon. Cynthia Bashant
United States District Judge